IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MARCUS DEMETRIUS MORGAN,

        Plaintiff

        VS.

Probation Officer CHRIS YARBROUGH,
Parole Officer JEFF CUTCHENS, and
Governor SONNY PERDUE,

        Defendants

NO. 7:07-CV-16 (HL)

**O R D E R**

Plaintiff **MARCUS DEMETRIUS MORGAN**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff brings this action against probation officer Chris Yarbrough, parole officer Jeff Cutchens, and Governor Sonny Perdue. Although plaintiff's complaint is unclear, his claims apparently arise from a probation revocation relating to a 1998 sentence and a parole revocation relating to a 2001 sentence.

With respect to the 1998 sentence for aggravated assault, plaintiff claims that on February 25, 2002, defendant Chris Yarbrough "intentionally caused [a] clerical error" to plaintiff's sentence resulting in an extra four years of probation. Plaintiff believes Yarbrough "sabotaged" plaintiff's record in this manner because Yarbrough was "disturbed" by the short sentence the judge imposed upon plaintiff in 2001.

With respect to plaintiff's 2001 sentence, plaintiff alleges that in that year he began serving a 48-month sentence for possession of cocaine. On January 4, 2005, after serving 42 months of his sentence, plaintiff was paroled from D. Ray James State Prison. Plaintiff alleges that on July 22, 2005, he asked for his parole "termination certificate ... after his court imposed sentence had expire[d]." Plaintiff alleges that defendant Jeff Cutchens, who knew plaintiff's sentence had expired, "refused to take action." Thereafter, in 2006, Cutchens advised a judge that "plaintiff was still behind on his parole fees." On June 19, 2006, plaintiff's complaint states that the State Board of Pardons and Paroles found plaintiff "guilty," apparently of violating a condition of his parole that required him to pay restitution or fees, and revoked his parole.

Plaintiff files this action seeking various forms of relief, including money damages for his "illegal confinement."

## III. DISCUSSION

Although, as noted above, plaintiff's complaint is unclear, plaintiff apparently believes that

his probation and parole would not have been revoked but for the alleged actions of defendants Cutchens and Yarbrough. Such allegation falls within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court made it clear that before a section 1983 plaintiff can seek monetary relief that would call into question the validity of the conviction or sentence, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 2372-73. In addition to convictions and sentences, *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 116 S. Ct. 148 (1995).

Because plaintiff has not demonstrated that he has appealed his probation or parole revocation in the state courts or that his revocation proceeding has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars all of plaintiff's claims that would necessarily call into question his probation and parole revocation. Plaintiff must return to state court and attempt to invalidate his probation and parole revocation. If plaintiff should succeed, he may then institute an action for damages under section 1983 in federal court.

To the extent that plaintiff asks this Court to declare his sentence invalid, he attacks the legality of his conviction, sentence, and/or present confinement. Claims attacking the legality of a conviction and sentence must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a federal civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus). Thus, if plaintiff wishes

4

to challenge the Board's decision in this Court, he must first file a mandamus action against the Board in state court. ***Johnson v. Griffin***, 522 S.E.2d 657, 658 (1999).

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 20th day of MARCH, 2006.

                                           *s/ Hugh Lawson*
                                           HUGH LAWSON
                                           UNITED STATES DISTRICT JUDGE

cr